[799 NYS2d 429]

In the Matter of JOHN S. KATSIGIANIS (Admitted as JOHN STEPHEN KATSIGIANIS), an Attorney, Resignor.

Second Department, August 8, 2005

**APPEARANCES OF COUNSEL**

*Robert B. Armstrong*, Lexington, Virginia, for resignor.

*Faith Lorenzo*, Hauppauge (*Dianne M. Saccone* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

John S. Katsigianis has submitted an affidavit dated February 17, 2005, wherein he tenders his resignation as an attorney and

counselor-at-law (22 NYCRR 691.9). Mr. Katsigianis was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 7, 1986, under the name John Stephen Katsigianis.

Mr. Katsigianis was a solo practitioner in Suffolk County and presently resides in the State of New Hampshire. He acknowledges that he has been informed by grievance counsel that evidence of professional misconduct has been adduced by the Grievance Committee's ongoing investigation and that charges would be prosecuted in a disciplinary proceeding to be recommended by the Grievance Committee to the Court. Mr. Katsigianis admits that he was paid a retainer fee of $9,000 in or about July 2000 by Jean Ishizuka to finalize the estate of her late uncle. He agreed to refund $2,500 of that fee if all legal services were not completed within a reasonable time. Although Mr. Katsigianis failed to complete all legal services, he did not provide his client with the promised refund. Mr. Katsigianis concedes that he never filed a new deed reflecting the transfer of property formerly owned by the deceased to his client's cousins. He admits charging his client an excessive fee, in violation of Code of Professional Responsibility DR 2-106 (a) (22 NYCRR 1200.11 [a]), and failing to tender a promised refund, in violation of DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]).

In or about May 1996, Mr. Katsigianis was retained by John Cucchi to probate the will of his grandmother. In October 1999, Mr. Cucchi directed Mr. Katsigianis not to perform any further work on the estate. On August 17, 2000, Mr. Cucchi's new attorney, Barbara Nieroda, filed a petition in the Surrogate's Court, Suffolk County, to fix his attorney's fee pursuant to SCPA 2110. By order dated December 28, 2001, Judge Czigier directed Mr. Katsigianis to reimburse the estate for the entire legal fee received, $27,266, and conditionally directed him to appear at a hearing on February 19, 2002. Mr. Katsigianis failed to comply. By order dated June 27, 2002, Judge Czigier again directed Mr. Katsigianis to reimburse the attorney's fee and to personally pay the sum of $5,000 to Ms. Nieroda within 30 days. Mr. Katsigianis failed to do so.

A judgment dated May 30, 2003, in the amount of $32,266 was entered against Mr. Katsigianis. His time to appeal from the judgment has elapsed. Mr. Katsigianis acknowledges that he would be collaterally estopped from challenging that judgment in a disciplinary proceeding. He further acknowledges that he could not successfully defend himself on the merits against any

disciplinary charges which have been initiated against him based upon the facts and circumstances of his professional conduct.

In mitigation, Mr. Katsigianis submits that his failures to refund the retainer or pay the judgment against him resulted from his financial circumstances rather than a lack of respect for the Court or his clients.

Mr. Katsigianis avers that his resignation is freely and voluntarily rendered and that he is not being subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney, Robert B. Armstrong, and with other persons whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years.

Mr. Katsigianis avers that his resignation is submitted subject to any application which could be made by the Grievance Committee to direct that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the resignation complies with all pertinent Court rules, it is accepted, and effective immediately, John S. Katsigianis, admitted as John Stephen Katsigianis, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and FISHER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, John S. Katsigianis, admitted as John Stephen Katsigianis, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that John S. Katsigianis, admitted as John Stephen Katsigianis, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John S. Katsigianis, admitted as John Stephen Katsigianis, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-

law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if John S. Katsigianis, admitted as John Stephen Katsigianis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).